[Crim. No. 889.  Department Two.—September 17, 1902.]

## THE PEOPLE, Respondent, v. FRANK CEBULLA, Appellant.

CRIMINAL. LAW—HOMICIDE—VERDICT OF MANSLAUGHTER—SUFFICIENCY OF EVIDENCE.—Upon a prosecution for murder, where the evidence is amply sufficient to sustain a verdict of manslaughter, and shows that the defendant might properly have been convicted of murder, and that it was fortunate for him that the jury believed that he did the killing in the heat of passion, the verdict cannot be disturbed on the alleged ground that the homicide was justifiable.

ID.—INSTRUCTIONS MARKED "GIVEN"—RECORD UPON APPEAL.—Instructions marked "Given" will not be reviewed where the record upon appeal does not show that they were not given at the defendant's request. It will not be presumed that they were given at the request of the prosecution; and if they were so given, it was incumbent upon the appellant to show it by the record.

ID.—INSTRUCTION REFUSED.—The refusal of an instruction is not ground of reversal, where the record does not show that the defendant requested it, and does show that it was substantially given and repeated in other parts of the instructions given.

ID.—DISQUALIFICATION OF JURORS.—A juror found, upon his voir dire, to have conscientious scruples against bringing in a verdict of guilty against a defendant. charged with murder, whereby he might be punished with death, and one found to have formed an opinion that would influence him as a juror and prevent him from acting in the case with entire impartiality, were each disqualified, and properly excluded from the panel of jurors.

ID.—MODE OF CHALLENGE—ABSENCE OF OBJECTION—WAIVER.—Where the juror who had formed an opinion was challenged by the district attorney, without stating that the ground of the challenge was actual bias, and the defendant's attorney simply denied the challenge, without objection to the mode of challenge, objection thereto must be deemed waived, and cannot be urged for the first time upon appeal.

ID.—PEREMPTORY CHALLENGES—ERROR NOT SHOWN BY RECORD.—Where there is nothing in the record to show clearly whether or not the court permitted the defendant to reserve the right to exercise a challenge upon a full panel, nor to show that he asked any right to challenge that was denied him, nor to show that he was compelled to exercise his right of challenge before the panel was full, it does not appear that the court erred in the matter of peremptory challenges.

ID.—EVIDENCE—INSUFFICIENT ARGUMENT—RECORD NOT EXAMINED.—This court will not examine the record upon a mere statement in the brief of appellant that the court erred in admitting in evidence the guns and cartridges, and the testimony of a witness, where no reasons are given nor authority cited as to why the court erred, and the brief does not state that the defendant excepted, nor show that the testimony was prejudicial.

APPEAL from a judgment of the Superior Court of Stanislaus County and from an order denying a new trial. William O. Minor, Judge.

The facts are stated in the opinion.

L. J. Maddux, and P. J. Hazen, for Appellant.

Tirey L. Ford, Attorney-General, and A. A. Moore, Jr., Deputy Attorney-General, for Respondent.

COOPER, C.—Defendant was charged in the information with the crime of murder, convicted of manslaughter, and sentenced to eight years' imprisonment at San Quentin. He appeals from the judgment and order denying his motion for a new trial.

1. He claims that the evidence does not support the verdict. The evidence is not pointed out nor analyzed, but the broad assertion is made that "the testimony is so clear, direct, and uncontradicted, that the homicide was justifiable under the law of defense of habitation, that we ask for a reversal on that ground as well as other grounds." We have said before that it is not incumbent on us to examine the evidence under such mere assertion, with no argument to support it. (*People* v. *McLean,* 135 Cal. 306; *People* v. *Woon Tuck Wo,* 120 Cal. 297.) But in view of the fact that the liberty of defendant is involved, we have examined the record, notwithstanding the derelictions of defendant's counsel; and there is ample evi-

dence, which, if true, would have justified the jury in finding defendant guilty of murder. There is evidence to the effect that on Sunday evening, June 2, 1891, the deceased, Donnelly, and one Anderson left the Donnelly Ranch and went to visit a neighbor, Mr. Funck, about a quarter of a mile distant. They remained at Funck's cabin about an hour and a half, and while there they all engaged in drinking brandy. Deceased, in company with Anderson and Funck, about nine o'clock, left Funck's place and went down the river, about a half-mile, to defendant's cabin. The defendant had a jug of brandy, offered it to all the party, and they all engaged in drinking. After the drinking had continued for some time, deceased, Anderson, and Funck started to leave for home, but while outside near the fence, defendant and deceased commenced fighting. It does not appear that there was any reason for the fighting, except that they had been drinking. After they had fought for some time, and had been rolling on the ground, Anderson and Funck succeeded in separating them and started to take deceased home, but before they had fairly started deceased went back to the door of defendant's cabin and asked him to come out and fight; told him that he would fight with him in any manner. Defendant was inside his cabin with his rifle. As deceased started to return to the cabin defendant said: "If that son of a bitch comes back I am going to kill him." Defendant then loaded his rifle. When deceased came to the cabin door defendant said: "You son of a bitch, keep away from here or I will kill you." Deceased said: "Frank, you don't mean what you say." Defendant replied: "Yes, I mean what I say." Lind, who was in the cabin with defendant, told him not to kill deceased, but while deceased was standing at the door, outside the cabin, unarmed and drunk, defendant fired the shot which immediately caused the death. Defendant, in his own testimony, admits that he loaded his rifle, and that he said to deceased, " 'If you come in here I will shoot you.' . . . He took hold of the door and started to come inside; that is the reason why I shot him."

This testimony not only supports the verdict, but it is fortunate for defendant that the jury believed that the defendant did the killing in the heat of passion and before reason had resumed its sway.

2. It is said in appellant's brief "that the court erred in its instructions to the jury (folios 21-55)," and "the law of defense of habitation should have been clearly and correctly stated to the jury. Yet the court refused to state the law (folio 41)."

If we consider the above specifications as worthy of discussion, we find by an examination that it does not appear but that the instructions were given at defendant's request. They are simply indorsed as "Given," and if they were given at the request of the prosecution it is incumbent upon appellant to show it by the record. We will not presume that they were so given for the purpose of examining them to see if prejudicial error appears. And the same may be said of the refusal to give the instruction pointed out at folio 41. There is nothing to show that defendant requested it, and, besides, we find it substantially given and repeated in other parts of the instructions.

3. The court during the impaneling of the jury excluded therefrom one Nicewonger and one Hintze. In so doing we find no prejudicial error. Nicewonger testified on his *voir dire* that he had such conscientious scruples as would prevent him from bringing in a verdict of guilty in a case of murder, and that he could not imagine a case so aggravated that he would bring in a verdict the result of which would be punishment by death. This disqualified him. (Pen. Code, sec. 1074, subd. 8.)

The juror Hintze testified that he had talked with one Huntley, who claimed to know the facts in the case, and that from this conversation he formed an opinion that would influence him as a juror, and that he could not act with entire impartiality in the case. This disqualified him. It was not stated in the challenge made by the district attorney that the ground of the challenge was actual bias, but no objection was made to the challenge on this ground. Defendant's attorney simply denied the challenge. If he desired to avail himself of the objection that no ground of challenge was stated, he should have placed his objection upon that ground, so that the court's attention could have been called to it in some way. He will not be allowed to state the ground of his objection here for the first time. The juror was clearly dis-

qualified. By simply denying the challenge the defendant's attorney waived any formal objection to it.

4. It is stated in appellant's brief that the court erred in compelling defendant to exercise his right of challenge without a full panel of jurors. We are again referred to certain folios of the transcript, and by an examination of the folios cited we cannot find that defendant was compelled to exercise his right of challenge before the panel was full. After the court had excused Nicewonger the record shows "(Examination of jurors continued.) Prosecution and defendant exercise desired challenges, leaving four talesmen in the box." After this the record shows some colloquy between defendant's counsel and the court as to the right of defendant to exercise a challenge on a full panel. Defendant's counsel stated that he desired to reserve the right to do so. It is not plain as to whether or not the court permitted him to reserve such right, but there is nothing to show that he ever asked any right to challenge that was denied him. If defendant had challenged a juror, and the court had denied the right to so challenge, or if the court had compelled the defendant to exercise his challenges at a particular time, the question would be presented for our determination, but the record in its present shape presents no such question.

5. The statement is made in the brief that the court erred in admitting the guns and cartridges and the testimony of the witness Browder. No reasons are given nor authorities cited as to why the court erred, nor are we informed in the brief that defendant excepted, nor that the testimony was in any way prejudicial. In such case we will not examine the record. (*People* v. *McLean*, 135 Cal. 306.)

We advise that the judgment and order be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed. Henshaw, J., McFarland, J.

Temple, J., concurred in the judgment.