[Crim. No. 350.    Fourth Appellate District.—December 22, 1937.]

THE PEOPLE, Respondent, v. JESSE HOUSTON, Appellant.

Joseph Seymour for Appellant.

U. S. Webb, Attorney-General, and John O. Palstine, Deputy Attorney-General, for Respondent.

MARKS, J.—Defendant was charged with violation of the provisions of section 480 of the Vehicle Code, which denounces the crime popularly known as "hit and run". He was convicted and sentenced to confinement in the penitentiary. He made motions for arrest of judgment and for new trial, which were denied. He has appealed from these orders and from the judgment. He has also attempted to appeal from a multitude of rulings and orders of the trial judge, none of which is appealable. (Sec. 1237, Pen. Code.) The order denying a motion for arrest of judgment is not appealable. (*People* v. *Williams,* 184 Cal. 590 [194 Pac. 1019].)

Defendant urges a great number of alleged errors, most of which are simply stated as errors, without any argument to support them and without citation of authority. A large portion of his brief is devoted to arguing inconsistencies in the testimony of witnesses and conflicts in the evidence. Such arguments are proper before a jury but under circumstances here presented have no appropriate place in a brief in an appellate court which cannot judge the credibility of the witness, determine the weight of the evidence, nor settle conflicts in it except in those extreme cases where evidence may be held to be so inherently improbable as to be unworthy of belief. We will only consider those specifications of error which may possibly deserve attention.

■ Defendant urges that the amended information on which he was tried does not state facts sufficient to constitute a public offense. In charging the offense the pleading follows the statute and sets forth all the necessary elements of the crime in ordinary, concise, and understandable language as required by our law. (Secs. 950, 951, 952, Pen. Code.)

■ Defendant further urges that "hit and run" is a misdemeanor and not a felony. In support of this argument he cites various sections of the Vehicle Code which provide that violations of that code shall be misdemeanors where not otherwise provided. Section 480 of the Vehicle Code contains its own penalty, so the other sections are not applicable.

■ Counsel assigns error arising from the fact that in the absence of the defendant the trial judge ordered a special venire for service at the trial. There is no more necessity for the defendant's presence when a special venire is ordered than there is when a regular term jury is drawn. Furthermore, there was no challenge to the panel nor was the question raised in the trial court. If we are not mistaken, defendant did not exhaust his peremptory challenges but secured a jury that was seemingly satisfactory to him. It does not appear in the record whether any of the trial jurors were from the special venire or whether the jurors were all from the regular panel.

Defendant complains of a number of the instructions given by the trial court and the refusal to give a number of instructions requested by him. We have read all of the instructions. There does not appear to be any error in them sufficiently prejudicial to require a reversal of the judgment under the facts of this case.

■ Defendant urges that the evidence is insufficient to support the verdict and judgment. This argument is based on the sufficiency of the identification of defendant as the driver of the automobile involved in the accident. Defendant admitted being the driver of the car at the time of the accident. When arrested a short time after the accident his clothes had finely broken glass on them. The shoes of defendant exactly fitted into tracks which led from the automobile. There was a worn place on each heel of defendant's shoes. Corresponding worn places appeared in the tracks. Defendant was sufficiently identified as the driver of the automobile and consequently the evidence is sufficient to support the verdict and judgment.

The order denying the motion for new trial, and the judgment, are affirmed. The attempted appeal from the other orders and rulings is dismissed.

Barnard, P. J., and Jennings, J., concurred.