[Crim. No. 1942.   Third Dist.   Feb. 11, 1946.]

THE PEOPLE, Respondent, v. GLENN STEWART,
Appellant.

James A. Nutting for Appellant.

Robert W. Kenny, Attorney General, and James O. Reavis, Deputy Attorney General, for Respondent.

ADAMS, P. J.—Defendant, who was convicted of grand theft, appeals from the judgment and the order denying

his motion for a new trial, the principal if not the only ground urged for reversal being that the trial court's instructions to the jury were insufficient.

The property which defendant was charged with stealing consisted of articles of jewelry which were extracted from the show window of a jewelry store, through a hole which had been made in the plate glass window of the store. The stolen property was found in the possession of defendant's mother who turned it over to the sheriff after the arrest of her son. The principal witness against defendant was one Waters who testified that he was an inmate of San Quentin Prison, having been convicted of burglary in Susanville, with two prior convictions of felony. Waters stated that at the time of the theft of the jewelry in question he was employed in Susanville; that he knew defendant and was with him on the evening of the theft; that about eleven o'clock he and Stewart walked past the jewelry store and saw the jewelry in the show window and also observed that a piece had been cut out of one corner of the window; that defendant enlarged this hole and then, by means of a hooked wire, extracted the jewelry, defendant and Waters each taking a part of it; that Stewart took three ladies' wrist watches, a wedding set, two men's rings and one man's wrist watch. The sheriff of Lassen County, also produced as a prosecution witness, testified that after loss of the jewelry was reported to him by the owner of the store, who gave him a list of the missing articles, he questioned Stewart who then admitted that he and Waters had taken same from the store window and that they had each received a part of it; that defendant gave the witness a list of the things he had received and offered to recover them, stating that they were in the possession of his mother; that he and defendant then contacted the mother who later produced the articles which defendant admitted he had received, stating that her son had given them to her.

Called for the defense, Mrs. Stewart admitted possession of the stolen articles, but stated that she had found them hidden in the torn cushion of a car which Waters had offered to sell to her son; that she had shown the jewelry to her son after she found it; that it had been in her possession several months, but she had not made any report to the sheriff.

Stewart himself testified that he had a conversation with the sheriff about the robbery at which time the latter stated that he had a signed confession from Waters and then showed

him a wrist watch and ring that he (Stewart) had seen in the possession of Waters and his girl; that the sheriff told him then that if he wanted to help recover "the stuff," he, himself, would not swear out a warrant, and he was almost certain that the owner would not; that he had then agreed to help, and they went to his home, but not finding his mother there, sought and found her; that he told his mother, in the sheriff's presence, that the latter had said that he would not swear out a warrant if defendant would help get the stuff back, and that he was almost certain that the owner would not either; that he did not then know where the jewelry was. He denied having taken the jewelry from the store, or that he had ever told the sheriff that he had done so. He admitted that he was with Waters the night of the theft but denied they stopped at the store. He stated he first learned of his mother's possession of the articles about three weeks after the theft and saw them in their home at that time. He admitted that he had written out a list of the missing articles and given same to the sheriff, but claimed that he had copied the list from one in the sheriff's possession, and had not made it from memory.

At the conclusion of the trial the court gave the following instruction of which appellant complains:

"A witness is presumed to speak the truth. This presumption, however, may be repelled by the manner in which he testifies, by the character of his testimony, or by evidence affecting his character for truth, honesty, or integrity, or his motives, or by contradictory evidence; and the jury are the exclusive judges of his credibility."

Appellant's objection to the instruction is not that it is incorrect as far as it goes, but he urges that it should have been supplemented by a statement that the presumption that a witness speaks the truth may be repelled by evidence that he has been convicted of a felony; and that because of a lack of such an instruction the jury were not given the correct scales to weigh the testimony of Waters or to test its weight when contradicted by the testimony of Mrs. Stewart; and that defendant was therefore prevented from having a fair trial. At whose request said instruction No. 5 was given does not appear, and it has been held in numerous cases that in the absence of a showing that it was not proposed by a defendant an appellate court will assume that it was proposed by him. (*People* v. *Cebulla,* 137 Cal. 314, 317 [70 P. 181]; *Peo-*

*ple* v. *Mesa,* 121 Cal.App. 345, 347 [8. P.2d 920].) It is not contended that appellant proposed any instruction covering the omitted language, and the only instruction which the record affirmatively shows was requested by defendant and not given was one regarding the necessity for corroboration of the testimony of an accomplice.

Appellant cites no cases supporting his argument that the failure of the court, on its own initiative, to include in instruction No. 5 the language which he claims should have been included constitutes reversible error. He refers to *People* v. *Holt,* 25 Cal.2d 59, 64 [153 P.2d 21]. There the court quoted from 8 California Jurisprudence 309, to the effect that it is the duty of the court in criminal cases to give of its own motion instructions on the general principles of law pertinent to such cases, even when they are not proposed by the parties themselves, but that it is not its duty to give instructions upon specific points developed through the evidence unless such instructions are requested. It also quoted from *People* v. *Putnam,* 20 Cal.2d 885, 890 [129 P.2d 367], wherein it was said that a court is not relieved of the duty to give instructions *whose necessity* is developed through the evidence introduced at the trial, and that an instruction is necessary if it is *vital* to a proper consideration of the evidence by the jury. But in the Holt case, where an instruction on the right of one attacked to stand his ground and slay an adversary, if necessary, was requested, the court held, in effect, that, under the circumstances of that case as developed by the evidence, the failure to so instruct was not prejudicial, as the instruction was not vital to the case, it appearing from the evidence that Holt had invited the encounter and that, as a reasonable man, he was not warranted in believing that he was in such imminent danger of great bodily injury as to justify the commission of homicide.

So in the instant case we are of the opinion that the giving of an instruction that the credibility of a witness may be repelled by evidence that he has been convicted of a felony was not necessary or *vital* to a proper consideration of the evidence by the jury. Here the defense showed that Waters was presently in the penitentiary, and that he had served two prior terms of imprisonment. It was therefore apparent to the jury that he was not an admirable character, and it is safe to assume that, without being so instructed, they considered these facts in weighing his testimony, especially since

the instruction stated that the presumption that a witness speaks the truth may be repelled by evidence affecting his "character for truth, honesty or integrity." It must have been obvious to them that evidence of Waters' criminal record was shown for no other purpose than to discredit him as a witness.

■ Appellant here does not contend that the evidence is insufficient to justify the verdict. It was ample for that purpose. Defendant admitted that he was with Waters the evening of the theft; the stolen articles were to his knowledge in the possession of his mother who told the sheriff that her son had given them to her; defendant admitted the theft to the sheriff, and both the sheriff and his deputy testified that defendant's confession was voluntary; also defendant was able to make a list of the stolen articles before they were produced by his mother. In view of these facts, even if it were held that the trial court erred in failing to instruct the jury in the respect of which complaint is made, it cannot be said that such error resulted in a miscarriage of justice. (See Cal. Const., art. VI, § 4½; *People* v. *Kelso*, 25 Cal.2d 848 [155 P.2d 819], and cases therein cited at page 853.)

■ Appellant also contends, though without apparent conviction, that the statements made by him to the sheriff were not voluntary, but were induced by a promise on the part of the sheriff that he would not, himself, swear out a warrant for defendant's arrest. Defendant's testimony in this respect was denied by the sheriff and his deputy, who testified that defendant was informed that any statement he made must be voluntary, and that no threats, force or promises of immunity were made to him. The conclusion of fact to be drawn as to whether the confession was voluntary was one for the jury, and it cannot be said that their implied finding that the confession was voluntary was without support in the evidence. (*People* v. *Castello*, 194 Cal. 595, 599-600 [229 P. 855].)

Appellant also complains of the instruction given by the court on the presumption of innocence and reasonable doubt, and that given on the necessity for corroboration of the testimony of an accomplice. It is not pointed out in what respect, if any, these instructions are defective, and we find nothing in them to condemn. The former was in the exact language of section 1096 of the Penal Code. Also see *People* v. *Gray*, 52 Cal.App.2d 620, 657 [127 P.2d 72].

Finally, appellant states that the trial court erred in failing to give an instruction proposed by defendant on the necessity for corroboration of the testimony of an accomplice. This instruction was refused for the assigned reason that the subject matter was "covered by other instructions." It apparently was so covered.

The judgment and the order denying a new trial are affirmed.

Peek, J., and Thompson, J., concurred.