[Crim. No. 4950. Second Dist., Div. Two. Oct. 15, 1953.]

THE PEOPLE, Respondent, v. THOMAS A. GARRIS et al., Defendants; BERNARD THOMAS TAYLOR, Appellant.

Bernard Thomas Taylor, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

McCOMB, J.—After trial before a jury, defendant Taylor was found guilty of three counts of robbery in the first degree, and one count of burglary in the second degree.

Defendant does not question the sufficiency of the evidence to sustain the verdicts of guilty, in fact, his attorney on a motion for a new trial conceded that the People had produced "overwhelming evidence" of defendant's guilt. Defendant merely argues the credibility of the evidence which was, of

course, a question for the trier of fact. He does not attempt to point out any other error in the proceedings before the trial court. Therefore this rule is applicable: In the absence of a showing in the record to the contrary an appellate court will indulge all reasonable presumptions in favor of the judgment and rulings of the trial court, and will presume that the proceedings were regular and free from error.

 In order to overcome such presumption the burden is upon the appellant (defendant) to show affirmatively by the record that prejudicial error occurred, which error must be pointed out in the briefs of the complaining party. Otherwise any alleged error will be disregarded by this court. (See *People* v. *Cebulla,* 137 Cal. 314, 318 [5] [70 P. 181]; *People* v. *Purcell,* 22 Cal.App.2d 126, 128 [2] [70 P.2d 706].)

Affirmed.

Moore, P. J., and Fox, J., concurred.