[Crim. No. 6478. Second Dist., Div. One. Mar. 23, 1959.]

THE PEOPLE, Respondent, v. JAMES WILLIAM WILKINS et al., Defendants; JOSEPH GRANT, Appellant.

[Crim. No. 6477. Second Dist., Div. One. Mar. 23, 1959.]

THE PEOPLE, Respondent, v. JOSEPH GRANT, JR., Appellant.

Joseph Grant, Jr., in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Assistant Attorney General, for Respondent.

FOURT, J.—This opinion involves two separate appeals.

In an information filed in Los Angeles County on May 13, 1955, the appellant and James William Wilkins were charged in count I of that information with conspiracy to commit burglary, and in count II thereof with the crime of attempted burglary. It was also alleged that Grant, the appellant, had previously been convicted of a felony, namely burglary in San Diego in April, 1948, and that he had served a term therefor in the state prison. The appellant, in that case, pleaded not guilty to each count and denied the prior conviction. However, before trial the appellant admitted the prior conviction. A trial before a jury was had and the appellant was found guilty on both counts. The appellant then moved for a new trial, and the motion therefor was granted as to count I, and denied as to count II. An appeal was taken from the judgment of conviction on count II, and this court reversed the judgment in *People* v. *Wilkins*, 141 Cal.App.2d 557 [297 P.2d 42]. Count I was placed off calendar and was never retried.

On August 2, 1956, the case involving count II of the information was called for retrial and it was then stipulated that the matter would be submitted on the reporter's transcript on appeal, subject to such other evidence as might be introduced, and the exhibits admitted at the first trial were received in evidence. The prosecution presented other and additional evidence, including, apparently, a confession by Grant made while he was in the jail awaiting the results of his first appeal. Appellant was found guilty as charged in count II. He made a motion for a new trial, which was denied. On August 2, 1956, proceedings were suspended and probation was granted for three years. In effect, the court, among other things, ordered that the appellant should comply, while under probation, with all of the laws of the State of California. No appeal was taken from the order granting probation.

In the second case in point of time, that is, our case Number 6477, the district attorney of Los Angeles county charged appellant in an information filed on May 8, 1958, with petty theft with a prior conviction of a felony (charging the San Diego burglary of 1948 as the prior felony in the substantive offense). The information also alleged that the appellant previously had been convicted of a felony, namely, the attempted burglary as set forth in count II of the case decided

on August 2, 1956. The defendant pleaded guilty as charged and admitted the prior conviction.

Probation was denied and the appellant was sentenced to the state prison for the term prescribed by law. The court also found that the defendant was in violation of the probation granted after and with reference to the previous conviction of attempted burglary, and such probation was revoked and the sentences were ordered to run concurrently. The appellant, at the time of sentence, was lodged in the county jail upon still another and different charge (failure to provide for his minor children), and the sentence for that offense was, under the law, merged with the state prison sentences, all to the effect that appellant would be serving in one confinement three different terms for three different offenses.

The appellant filed a document in the first case in point of time (our Number 6478) titled "Notice of Appeal . . . Attempted *Burglary.*" In that document he sets forth a brief résumé of the course of events in the case, however nothing is mentioned as to what the appellant appeals from. Substantially the same situation exists in the second case in point of time, our number 6477 (petty theft with prior felony conviction).

We have made an earnest effort to determine from a reading of the appellant's briefs what it is that he complains of with reference to the trial and the disposition of the two cases above mentioned. At best, the briefs are a conglomeration of disconnected statements, with an almost total disregard of the rules as to what shall be contained in an appellant's brief. We have, however, carefully gone over all of the records and the transcript which are before us and have attempted to determine whether there was any error in any respect, insofar as the appellant is concerned.

■ This court ordinarily, in the absence of a showing in the record to the contrary, must indulge all reasonable presumptions in favor of the judgment and the rulings of the trial court, and we will presume, unless some showing is made otherwise, that the proceedings were regular and free from error. (*People* v. *Fratianno,* 132 Cal.App.2d 610, 634 [282 P.2d 1002] ; *People* v. *Garris,* 120 Cal.App.2d 617, 618 [261 P.2d 765] ; *People* v. *Resum,* 120 Cal.App.2d 618, 619 [261 P.2d 765] ; *People* v. *Lane,* 144 Cal.App.2d 87, 90 [300 P.2d 321].) Our reading of the record does not disclose any irregularity or error as to either case, and the appellant has

pointed to none. We accordingly presume that the procedures in the trial court were proper and regular.

The record is entirely silent as to the evidence introduced at the trial on the attempted burglary case, excepting that the minutes do disclose that the cause was submitted on the reporter's transcript on appeal, and that other evidence could be received. The appellant makes mention in his brief that a witness did testify to what apparently amounted to a confession by the appellant while he was in jail awaiting the result of his first appeal. However, as heretofore indicated, no reporter's transcript of the proceedings is before us.

If the appellant is to prevail on this appeal he must produce a record which discloses that an error relied upon has in fact occurred. (*People* v. *Ramirez*, 139 Cal.App. 380 382 [33 P.2d 848] ; *People* v. *Denne*, 141 Cal.App.2d 499, 514 [297 P.2d 451] ; *People* v. *Goldberg*, 152 Cal.App.2d 562, 575 [314 P.2d 151].)

Furthermore, under section 1237, Penal Code, it is provided in part as follows:

''An appeal may be taken by the defendant:

''1. From a final judgment of conviction; an order granting probation shall be deemed to be a final judgment within the meaning of this section; . . .'' (The latter clause having been added to the section in 1951.) In various cases the matter of an appeal from an order granting probation has been discussed and considered. In *People* v. *Easley*, 148 Cal. App.2d 565, 566 [307 P.2d 10], the court said, with reference to a notice of appeal which set forth that it was '' 'from the judgment therein entered' and from the order denying a new trial'': ''. . . Since that amendment it is immaterial whether a defendant appeals in terms from the order of probation or from the judgment. For purposes of appeal they are interchangeable terms. It was so held in *People* v. *Goldstein*, 136 Cal.App.2d 778, 793 [289 P.2d 581], and *People* v. *Reed*, 128 Cal.App.2d 499, 500, 502 [275 P.2d 633].''

In *People* v. *Frayer*, 140 Cal.App.2d 597, it is said at pages 597-598 [295 P.2d 456], ''He appeals from the final judgment, which is the order granting probation (Pen. Code, § 1237, subd. 1).''

In *People* v. *Ross*, 139 Cal.App.2d 706 [294 P.2d 174], it is set forth in a footnote (at p. 707) : ''Defendant was granted probation but such an order is deemed a final judgment for purposes of appeal.''

In *People* v. *Goldstein*, 136 Cal.App.2d 778, it is said

at page 793 [289 P.2d 581] : ". . . An appeal may now be taken from a probation order (Pen. Code, § 1237), and it is established that where probation has been granted and no judgment entered an appeal which purports to be taken from the judgment may be treated as an appeal from the probation order. (*People* v. *McShane*, 126 Cal.App.2d Supp. 845 [272 P.2d 571] ; *People* v. *Camargo*, 130 Cal.App.2d 543, 545 [279 P.2d 194].) "

In *People* v. *Carpenter*, 141 Cal.App.2d 884, 885 [297 P.2d 498], and in *People* v. *Cummings*, 141 Cal.App.2d 193, 195 [296 P.2d 610], it was said in effect (in a footnote), that the appellant was granted probation, but under Penal Code, section 1237, such an order is deemed a final judgment for the purposes of appeal.

The appellant in the attempted burglary case now before us knew that he was convicted of the crime of attempted burglary. Nevertheless, he made an application for, and accepted probation, and failed to assert any claim to any appellate court that he had been deprived of any rights, or that the evidence was insufficient to convict him. He was no neophyte in matters having to do with court proceedings, as he had theretofore gone through at least one trial and had been convicted of burglary in San Diego in 1948, and had served a term therefor in the state prison. He chose to accept his freedom on probation, as was his right, rather than to attempt to secure a reversal of his conviction on appeal.

██ As heretofore indicated, it is not made clear from the notices of appeal just what the appellant appeals from, but we have assumed that in the attempted burglary case he attempted to appeal from the order granting probation, and if he did so the notice of appeal was filed many months too late.

██ If in the attempted burglary case the appellant attempted to appeal from the judgment, as distinguished from the order granting probation, and he now desires to have a review of the matters preceding the order granting probation, we believe, under the circumstances, that his failure to exercise his right of appeal at or about the time probation was granted, precludes him now from going behind the order granting probation. In a case in Arizona, *Brooks* v. *State,* 51 Ariz. 544 [78 P.2d 498, 117 A.L.R. 925], at pages 500-501 [78 P.2d], the court appropriately said, with reference to such a situation :

"When the imposition of sentence is suspended and the

terms and conditions thereof fixed, the defendant has his freedom as long as he lives up to these conditions, but, it will be observed, that if the court has reason to believe that he 'is violating the conditions of his probation, or engaging in criminal practices, or has become abandoned to improper associates, or a vicious life,' and the interests of justice so require, it may at any time within the longest period for which the defendant might have been sentenced revoke and terminate his probation, and then pronounce judgment. For instance, if the maximum punishment of the crime to which he pleads guilty or of which he was convicted is 10 years and the court suspends the imposing of sentence for that period of time, the order of suspension may be revoked and judgment pronounced any time during that period. But if the court, even though punishment for the crime involved may extend to 10 years, suspends the imposition of sentence for a shorter period of time, six years, for instance, the order revoking suspension and the pronouncement of judgment must be made within that time. It is apparent from this that it may be a number of years after a plea of guilty or conviction and the entering of the order of suspension before final judgment and sentence is pronounced, and that if a defendant may appeal therefrom at that time and base his case on occurrences at the trial which was had years before, it would in many cases result in defeating justice.

"This is true for several reasons. In the first place it would be impossible in some instances after years had passed to procure a transcript of the evidence for use on appeal, due to the fact that the reporter who took the testimony at the trial might be elsewhere, have become incapacitated or passed away. In the next place, this difficulty not being present, if the court should find it necessary to reverse the case and remand it for a new trial, it would not be possible many times to produce the evidence again after so many years. The witnesses in all probability could not be had because of changes in residence in some instances and of death in others, and in case neither of these difficulties should be encountered the facts would to some extent have been forgotten. That such a result as this may follow, if a defendant who has pleaded guilty or has been convicted and accepted the benefits of probation is permitted to appeal from a judgment or sentence pronounced against him after his probation has been revoked, indicates that it was never intended that a defendant should have the benefits of probation and at the same time retain

the right to appeal from a judgment and sentence that may be pronounced against him later on if he violates his probation. When the imposition of sentence is suspended or postponed and the defendant accepts his freedom thereunder, he foregoes his right of appeal from a judgment that may be pronounced in the future on that conviction, because the order of suspension confers benefits, not harm, upon him, and is inconsistent with an appeal based upon errors committed at the trial, whether that appeal is taken then or at some future time. Accepting the benefits of probation, therefore, instead of permitting the case to go to judgment at that time and appealing from it, estops him from bringing the errors committed at the trial to this court for review. His choice between the benefits of suspension and contesting the case further is final, hence, he cannot thereafter reverse his stand and take advantage of the alternative he had theretofore rejected. By choosing probation he is automatically estopped from appealing and by deciding in favor of appeal he estops himself from benefitting from suspension. He cannot profit from both at the same time, or as the old saying runs, 'He cannot eat his cake and have it too.' So, if a defendant feels that reversible error has been committed and that he was in consequence thereof wrongfully convicted, he should then take the steps the statute provides for correcting the error, and not proceed upon the theory that he will do it years later, provided the necessity therefor should ever arise, by appealing from the judgment and sentence pronounced at that time, long after he has elected otherwise and when the probabilities are that the evidence, if the case were remanded for a new trial, could not again be produced. His acceptance of probation would not, however, prevent him from taking advantage of any error inhering in the judgment and sentence as then pronounced but merely forecloses action based on errors committed at the trial which his acceptance of the benefits of suspension estops him from reviewing.''

■ In the second case in point of time (petty theft with prior) the appellant pleaded guilty. By doing so he conclusively admitted every element of the offense charged; and such constitutes a conclusive admission of his guilt. (*People* v. *Cooper*, 123 Cal.App.2d 353, 356 [266 P.2d 566].)

■ A subsequent conviction of a crime, even though not final because of a pending appeal, is sufficient to warrant the trial court in concluding that the defendant has violated the terms of his probation, and in revoking the same. ■ The

appellant, having pleaded guilty to the petty theft charge, with the prior, cannot now contend that his probation on the attempted burglary charge was improperly revoked.

Since, from the foregoing it is manifest that the order granting appellant probation was properly revoked, the judgments in each case numbered in this court "Criminal No. 6478" and "Criminal No. 6477," are, and each is affirmed.

White, P. J., and Lillie, J., concurred.

A motion "for reconsideration" was denied April 6, 1959.