JEFFERSON, J.
 

 In an information filed by the District Attorney of Los Angeles County defendant was charged with hit and run in violation of section 20001 of the Vehicle Code. Defendant pleaded not guilty. Trial by jury was duly waived by defendant personally and by all counsel. The trial court found defendant guilty as charged. Probation was denied and defendant was sentenced to the county jail for a period of one year. This is an appeal from the judgment and order denying motion for new trial.
 

 Jesse Harris, a witness, testified that on July 22, 1961, at approximately 9 o ’clock in the evening he saw Anthony Childs, the victim herein, standing beside an automobile in the street in front of his house. He observed a 1953 Chevrolet driving in a westerly direction hit Mr. Childs. The witness saw Mr. Childs lying in the gutter about 40 to 50 feet west of his car in an unconscious state with blood coming from his arm, leg, and head. There were approximately 12 people around the scene of the accident. The 1953 Chevrolet in which defendant was driving stopped in the middle of the street and then pulled
 
 *487
 
 to the curb. The witness testified further that defendant got out of the Chevrolet and came back to the victim. Defendant remained at the scene of the accident for about five or ten minutes. The witness heard defendant attempt to speak to the victim who was unconscious. Defendant also said something about moving the victim, but someone else in the crowd told him not to move him. The witness observed defendant get into his car and drive away. Defendant did not give his name or address, license number or registration to anyone at the scene of the accident.
 

 Leola Clinton, another witness, testified she heard a crash; went to the scene of the accident; and saw the victim lying unconscious in the gutter. She saw defendant attempt to turn the victim over. Defendant remained at the scene of the accident for about 10 or 15 minutes. She further testified that she called an ambulance and then came back to the scene of the accident. She saw defendant pull away from the curb, and he almost ran her down. He drove away at high speed in a westerly direction. It was further testified that as a result of the accident the victim had a compound fracture of both legs, a broken left arm, two broken cheek bones, five teeth knocked out, and a head injury.
 

 A Los Angeles city police officer arrested defendant approximately eight blocks from the scene of the accident after receiving a radio call in reference to the 1953 Chevrolet involved in the accident. The right front fender and headlight of defendant’s car were damaged. At the time of the arrest, the officer asked defendant if he had been in an accident, and defendant replied he had not. Defendant at first told the officer that the damage to his car occurred last September or October. Defendant also related to the officer that he had not been in the area of 41st Street where the accident occurred. The officer took defendant back to the scene of the accident. Defendant then admitted that he was in the accident, but stated that the victim was drunk and stepped out in front of him on the road. Defendant also told the officer that he would deny everything that he had previously told him.
 

 Defendant took the stand in his own behalf and acknowledged driving the car which struck the victim. He stated he parked his ear, inspected the damage to it, and went over to the victim to see if he could help him. The victim appeared to be unconscious. Someone in the crowd said, ‘ ‘ Get away from him—don’t touch him. ’ ’ He testified he remembered someone saying something about calling an ambulance. He remained
 
 *488
 
 at the scene 10 or 15 minutes. The crowd was talking against him. He became frightened and left the scene. No police officer appeared at the scene while he was there. He testified he did not give his name or address to anyone at the scene, nor did he show anyone his license or the registration of his automobile. He stated he left the scene because the police did not come quickly enough.
 

 The defendant’s only contention on appeal is insufficiency of the evidence to support the judgment of conviction. This contention is without merit.
 

 Section 20001 of the Vehicle Code reads in part as follows:
 

 ‘ ‘ The driver of any vehicle involved in an accident resulting in injury to any person, other than himself . . . shall immediately stop the vehicle at the scene of the accident and shall fulfill the requirements of Sections 20003 and 20004. ...”
 

 Section 20003 provides in part as follows:
 

 ‘ ‘ The driver of any vehicle involved in an accident resulting in injury ... of any person shall also give his name, address, the registration number of the vehicle he is driving, . . . and upon request and if available exhibit his driver’s license to the person struck ... or shall give such information and exhibit his license to any traffic or police officer at the scene of the accident and shall render to any person injured in the accident reasonable assistance. ...”
 

 In
 
 People
 
 v.
 
 Ross,
 
 139 Cal.App.2d 706 [294 P.2d 174], a hit and run ease, this court stated (p. 709): “In passing on the sufficiency of the evidence to sustain a conviction it should be borne in mind that before a reversal may be had, it must be made clearly to appear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the court below. [Citations.]
 

 “We must assume in support of the judgment the existence of every fact which the trial court could have reasonably deduced from the evidence, and then determine whether the facts ‘justify the inference of guilt.’ [Citations.]”
 

 In
 
 People
 
 v.
 
 Kuhn,
 
 139 Cal.App.2d 109, 112 [292 P.2d 964], it was stated, ‘ ‘ The legislative purpose in enacting section 480 of the Vehicle Code [now, as amended, § 20001 of the Vehicle Code] was to prevent the driver of the offending car from leaving the scene of the accident without furnishing information as to his identity and without rendering the necessary aid to the injured person. [Citations.] ”
 

 The defendant’s own testimony establishes the fact that he had knowledge of striking the victim; that he knew
 
 *489
 
 the victim was injured; that he stopped only for a brief period of time; and that he left the scene without furnishing information as to his identity.
 

 The evidence fully supports the conclusion reached by the trial court that defendant was guilty of the crime charged in the information.
 

 Judgment and order are affirmed.
 

 Burke, P. J., and Balthis, J., concurred.