[Crim. No. 8708. Second Dist., Div. Two. Mar. 25, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. RAYMOND JORDAN, Defendant and Appellant.

Frank I. Hogan for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, Norman H. Sokolow and James A.

Schmiesing, Deputy Attorneys General for Plaintiff and Respondent.

FOX, P. J.—Defendant was convicted of violating section 20001 of the Vehicle Code, commonly referred to as "hit and run." He has appealed from the judgment (order granting probation).

On June 14, 1962, a few minutes before 11 p.m., Albert F. Witte and his wife, Jemina, were driving in the vicinity of 58th Street and Gifford Avenue in the City of Maywood. As Mr. Witte was crossing this intersection his wife called out that they were about to be struck by another car. The vehicles collided and he was thrown out of his car, receiving a badly lacerated leg and head injuries, because of which he was taken to the hospital.

Mrs. Witte was also thrown from the vehicle, receiving cuts on her head, knees and elbows and an injury to her back. She was hospitalized, too.

Neither of them saw defendant at the scene of the accident and no one came up to either of them and identified himself as the driver of the other car.

Officer Kislingbury of the Maywood Police Department arrived at the scene of the accident only minutes after the collision. He observed defendant's car but did not find its driver and no one came to him and identified himself as the driver of the car. He was at the scene approximately one-half hour but never saw defendant there. Two other officers were there specifically looking for witnesses at the scene but did not see defendant.

The next day defendant went to the police department and turned himself in. Officer Guild talked to him. Defendant freely and voluntarily admitted to this officer that he did not identify himself to anyone at the scene, but left and went to the home of some relatives.

Defendant did not testify nor offer any evidence in his own behalf.

In contending that the evidence is insufficient to support the conviction, defendant argues: (1) that he substantially complied with the requirements of the statute, and (2) that the statute is inapplicable because he did not cause the injury. There is no merit in either of these arguments.

The legislative purpose in enacting 20001 was to prevent the driver of the offending car from leaving the scene of the accident without furnishing the information as to his identity and without rendering necessary aid to the injured

person. (*People* v. *Foreman*, 205 Cal.App.2d 485, 488 [22 Cal.Rptr. 925].) ■■■ The mere fact that defendant stopped immediately after the accident, or that he turned himself in to the police the next day does not absolve him from criminal liability, for his failure to perform any of the acts required by the statute constitutes a violation thereof. (*People* v. *Cron*, 207 Cal.App.2d 452, 455 [24 Cal. Rptr. 587].) Here defendant in effect admitted to the police that he did not render any aid to the injured persons or identify himself to anyone at the scene. The other evidence is in harmony with this admission. It is therefore clear that defendant did not comply with the requirements of the statute.

■■■ The evidence does not support defendant's contention that he did not cause any injuries to Mr. and Mrs. Witte. The testimony of the victims discloses that each of them received injuries when they were thrown from their vehicle upon being hit by defendant. These injuries were irrespective of other injuries these people received by the driver of another car while they were still on the ground.

■■■ There is likewise no merit in defendant's contention that he did not receive a speedy trial. Penal Code, section 1382 provides that unless a good cause to the contrary is shown, a criminal case must be dismissed in the superior court if not brought to trial within 60 days after the filing of the information. It also provides that the information must be filed within 15 days after defendant is held to answer by the committing magistrate.

The record discloses that defendant was held to answer on July 6, 1962. The information was filed on July 20, 1962. Defendant pleaded not guilty on July 27th. The trial was on August 24th. He was sentenced on September 27, 1962, after his counsel waived time for sentencing. It is apparent from these dates: (1) that the information was timely filed; (2) that the trial was held within the required time; and (3) that defendant through his counsel waived the time limit for sentencing. Thus all the procedural steps were taken within the allowable time.

Affirmed.

Ashburn, J., and Herndon, J., concurred.