[Crim. No. 10654.   Second Dist., Div. Three.   Sept. 20, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. RONALD PAUL BELLAH, Defendant and Appellant.

Lemaire & Mohi and Gary Mohi for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and David S. Sperber, Deputy Attorney General, for Plaintiff and Respondent.

SHINN, P. J.—Ronald Paul Bellah was accused of violation of section 23101 of the Vehicle Code (felony, drunk driving) and violation of section 20001 of the code (hit and run). In a jury trial he was convicted of violation of section 23102 (a lesser offense) and of violation of section 20001. He was placed on probation and appealed from the order, as a judgment.

The grounds of appeal are (1) insufficiency of the evidence of guilt of violation of section 20001 (2) error in instructions given (3) failure of the court to instruct, of its own motion, and error in the admission of evidence wrongfully obtained. We have reached the conclusion that appellant was accorded a fair trial.

In the early evening a car driven by appellant collided with the motorcycle of one Rising, who sustained bodily injuries. Edward D. Sullivan, appellant's passenger, also received bodily injuries. Appellant pulled his car to the curb, came back to where Rising lay, in the street, paused long enough to see that a deputy sheriff was attending to Rising,

returned to his car and drove away with Sullivan. He was overtaken and halted; appellant was asked whether he had been drinking and he said he had had two beers. The officers took appellant and Sullivan to a hospital where they gave appellant a ''field'' sobriety test. They testified to the opinion he was intoxicated. Appellant signed a consent to a blood test; a sample was taken by the hospital physician, was duly analyzed and disclosed an alcoholic content of .16, or a state of intoxication.

The duties of appellant under the circumstances were those prescribed by sections 20001 and 20003 of the Vehicle Code.[1]

■ Appellant's first point is that he stopped and returned to where Rising lay and therefore was not guilty of violation of section 20001. He concedes that convictions have been upheld in recent cases in which the defendant had stopped when the accident occurred, but did not comply with the requirements of section 20003, but he contends these cases were wrongly decided and he reaches far to find support for this contention. In this effort he has failed. Appellant violated section 20001 when he failed to comply with his duties under section 20003.

■ Appellant next contends that when he observed that a deputy sheriff was kneeling beside Rising he was free to leave the scene. The facts of the case he cited (*People* v. *Martin,* 114 Cal.App. 337 [300 P. 108]) were altogether different from those surrounding his own accident. No one,

---

[1]''§20001. The driver of any vehicle involved in an accident resulting in injury to any person, other than himself, or death of any person shall immediately stop the vehicle at the scene of the accident and shall fulfill the requirements of Sections 20003 and 20004, and any person failing to stop or to comply with the requirements under such circumstances is guilty of a public offense and upon conviction thereof shall be punished by imprisonment in the state prison for not less than one year nor more than five years or in the county jail for not to exceed one year or by fine of not to exceed five thousand dollars ($5,000) or by both.''

''§ 20003. The driver of any vehicle involved in an accident resulting in injury to or death of any person shall also give his name, address, the registration number of the vehicle he is driving, the name of the owner, and upon request and if available exhibit his driver's license to the person struck or the driver or occupants of any vehicle collided with or shall give such information and exhibit his license to any traffic or police officer at the scene of the accident and shall render to any person injured in the accident reasonable assistance, including the carrying or the making arrangements for the carrying of such person to a physician, surgeon or hospital for medical or surgical treatment if it is apparent that treatment is necessary or if such carrying is requested by the injured person.''

other than himself, could have rendered compliance with the demands of section 20003.

▌ The court instructed as set out in the margin.[2] Appellant says that in order to find guilt it was necessary that all the jurors agree on the particular duty he failed to perform and that to instruct them that they must agree was not to tell them they must all agree. We think the jurors would have understood they had not reached an agreement upon a fact as to which some of them disagreed. The instruction that was given was adequate. The probabilities are that all the jurors agreed that appellant violated four of his duties under section 20003.

▌ Appellant testified that Sullivan's mouth was bleeding and that his eyes were glassy. He left the scene of the accident to take Sullivan to a hospital. He contends the jury should have been instructed of the court's own motion that he had a duty to render aid to Sullivan. The court did not have a duty to call special attention to appellant's duty toward Sullivan. The jury was instructed that the law imposed upon appellant a duty to render assistance to anyone injured in the accident, and this of course, included Sullivan. And taking Sullivan to a hospital was not obeying the demands of section 20003. If appellant had been fearful that the jury would overlook his duty toward his passenger he should have requested a more specific instruction.

The contention is that asking appellant whether he had been drinking, and introducing testimony that he said he had had two beers, and introducing evidence of the results of the blood test, without evidence that the officers had informed him of his right to remain silent and to have the assistance of counsel, requires a reversal of the judgment under the rules of *Dorado* [*People* v. *Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361]].

▌ The evidence came in over the objection of appellant when it was developed he had not been informed of his rights. No attempt is made to liken the circumstances in which appellant admitted having had two beers to the methods of interrogation denounced in *Dorado,* and there is, of course, no significant similarity. The appearance and manner

---

[2] "The wilful failure of the driver of a vehicle involved in an accident resulting in injury or death to any person to perform any one of the duties required by the law is a criminal offense, but before the jurors may return a verdict of guilty, they not only must agree that the defendant failed to perform a duty imposed by the law but they also must agree on at least one particular duty that he failed to perform."

of appellant indicated to the officers that he may have been drinking; they asked him a routine question and received a routine answer, "two beers," meaning that he had had no more than that to drink. It was, in effect, a denial that he was intoxicated. Asking the simple question and giving appellant a "field" sobriety test gave appellant a fair chance to convince the officers he should not be held for intoxication. (Pen. Code, § 849, subd. (b)(2).)

It is not directly contended that the "field" sobriety test was in violation of appellant's constitutional rights to remain silent and to have the assistance of counsel, but the question is nevertheless within the generality of appellant's arguments, and may properly be noticed. Appellant, of course, could have refused to walk a chalk line or touch the end of his nose with his finger tip. But the police had noticed that he staggered when he emerged from the car, the odor of alcohol was upon his breath and his appearance suggested to the police that he was probably intoxicated. Had he refused to take the sobriety test he would have forfeited an opportunity to convince the officers he was sober. He was willing to make the effort to convince them, and was scarcely in need of legal advice in reaching that decision. When the police are detaining a person who reasonably appears to them to be intoxicated and they offer him a choice between arrest and a sobriety test, which may very well result in his being released, he has no cause for complaint if he chooses to take the test even though he fails to pass it.

However, the opinions of the officers that appellant was intoxicated could have had but slight effect, if any, upon the verdict. It was the blood test that settled the issue. Appellant willingly submitted to the blood test. The brief says "The defendant was not informed of his constitutional rights prior to the taking of blood tests and this evidence is inadmissible." The argument assumes that a test for the alcoholic content of the blood is merely a method of obtaining evidence to prove that the subject is intoxicated. It is much more than that. A person accused of a criminal offense has an unfettered right to prepare his defense and if intoxication is suspected a favorable blood analysis may be the only effective defense the man has. In the preparation of evidence, which is their duty, it is proper for the police to make use of a sample of blood for analysis; so may the subject have an analysis made of his blood, at his own expense, if it can be arranged. As stated in *People* v. *Duroncelay,* 48 Cal.2d 766 [312 P.2d

690], in upholding the right of the police, and the reliability of the test, "Nor should it be ignored that a test of this kind may serve to exonerate, as well as to convict." And it is clear that when one is held under suspicion of intoxication his right to make completed telephone calls (Pen. Code, § 851.5, subd. (a)) may be exercised for the purpose of arranging with a physician of his choice for an alcoholic analysis of his blood. No doubt appellant hoped the analysis would prove he was not intoxicated; it was a close question.

. The evidence of appellant's statement to the officers, and the result of the "field" test and the blood test was properly admitted.

The judgment is affirmed.

McMurray, J. pro tem.,* concurred.

Kaus, J., concurred in the result.

---

*Assigned by the Chairman of the Judicial Council.