[Crim. No. 652. Fifth Dist., Nov. 14, 1969.]

THE PEOPLE, Plaintiff and Respondent, v.
JESSE GRANT MONISMITH, Defendant and Appellant.

## Counsel

Lin H. Griffith for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Edsel W. Haws and Joel S. Primes, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**STONE, P. J.**—Defendant appeals from his conviction by a jury of violation of section 20001 of the Vehicle Code. The appeal is on an agreed statement of facts which discloses that defendant's automobile was involved in an accident resulting in a fatality about 1:30 a.m. January 27, 1968. Defendant was a passenger in his vehicle, but he was not driving at the time of the accident.

The trip began about 10:30 p.m. the evening before, when defendant, his wife and three children, left Turlock in the company of Mr. and Mrs. Richard Ivy, to spend the weekend at the Ivy cabin in Twain Harte. Along the way, they stopped several times at bars and drinking establishments and, at each stop, both defendant and Ivy drank intoxicating liquor. Defendant drove from Turlock to Oakdale, where the first stop was made and the first drinks were had. Ivy drove from Oakdale to a bar near Sonora, where they had a drink; from there he drove to Sonora, where another drink was had. Mrs. Ivy drove to another bar out of Sonora where, after another drink, Mr. Ivy took over and drove the car toward Twain Harte to the scene of the accident in Tuolumne County. It was snowing or had been snowing at the time of the accident. Lawrence Silva had parked his car off the highway to put chains on, and Paul Sandys was standing near the car, holding a flashlight so Silva could see. Defendant's car struck and fatally injured Sandys.

Ivy stopped the car immediately and he and defendant walked back to where Sandys lay on the roadside. Ivy asked defendant to say that he was driving, as Ivy had no driver's license. Defendant gave the investigating officers his name, as owner of the vehicle, his address, occupation, the registration number of his vehicle and of his driver's license, but falsely told the officers that he was the driver of his automobile. He did *not* tell the officers that his car was involved in the accident; neither did Ivy nor any occupant of the car disclose this involvement.

The agreed statement of facts mentions that bystanders asked Ivy and defendant which car struck the victim, and that they denied it was their car,

but nothing is said as to whether the officers questioned either defendant or Ivy on this point. The statement simply recites that defendant and Ivy did not admit that defendant's car was involved in the accident.

The next day officers of the California Highway Patrol saw defendant's car parked partly on and partly off the roadway in Twain Harte, and examined it for evidence that it might have been involved in the accident. They discovered fabric adhering to the car, which they suspected was from Sandys' clothing. An analysis proved their suspicions were correct, so defendant and his family were taken to the sheriff's office and questioned. At first defendant denied that Ivy was driving, stating that he was the driver; later he admitted that his car was involved in the accident, that he saw the car strike Sandys, and that Ivy was the driver.

Defendant was charged with count I, a violation of Vehicle Code section 20001, and count II, violation of Penal Code section 32, accessory after the fact in that he aided the principal, Richard Lee Ivy, to avoid arrest, trial, conviction and punishment, having knowledge that Richard Lee Ivy had committed a felony. Count II was dismissed before trial, and defendant was convicted of a violation of Vehicle Code section 20001.

Section 20001 provides, in pertinent part: "The driver of any vehicle involved in an accident resulting in injury to any person, other than himself, or death of any person shall immediately stop the vehicle at the scene of the accident and shall fulfill the requirements of Sections 20003 and 20004."

Section 20004 is not relevant to the case, so we turn our attention to the applicable section, 20003, which provides: "The driver of any vehicle involved in an accident resulting in injury to or death of any person shall also give his name, address, the registration number of the vehicle he is driving, the name of the owner, and upon request and if available exhibit his driver's license to the person struck or the driver or occupants of any vehicle collided with or shall give such information and exhibit his license to any traffic or police officer at the scene of the accident. . . ."

The prosecution contends that defendant was properly convicted of violating the statute of failing to identify his car as the vehicle involved in the accident. Defendant, on the other hand, argues that sections 20001 and 20003 do not require the driver of a vehicle to identify himself *as the driver* of a vehicle involved in an accident or to report that his vehicle was involved in the accident. Accordingly, he argues, the court in the case at bar erred in instructing the jury that the driver of a vehicle involved in an accident "must identify himself as the driver involved in the accident." He also argues that such an interpretation of sections 20001 and 20003 would

be in violation of the Fifth Amendment right of a driver to refuse to admit that he was the driver of a car involved in an accident from which criminal prosecution might arise.

■ We note, at the outset, that the courts, in construing sections 20001, 20003 and 20004, have held that an owner present in his vehicle at the time of an accident and who has full authority to direct and control its operation, although some other person is doing the actual driving, is considered to be a driver as the term is used in said sections. (*People v. Limon*, 252 Cal.App.2d 575, 580 [60 Cal.Rptr. 448]; *People v. Odom*, 19 Cal.App.2d 641, 647 [66 P.2d 206].) Hence, for the purposes of this case defendant was a "driver" since Ivy was driving defendant's vehicle with his consent.

■ Defendant argues for a literal interpretation of sections 20001 and 20003. He asserts that by requiring the driver not only to identify himself, but to do so as the driver of a car involved in the accident, is reading something into the statutes which is not there, something the Legislature never intended to be a requirement.

The contention flies in the face of the language of both sections 20001 and 20003, since the introductory sentence of each refers to the "driver of any vehicle involved in an accident resulting in injury." Clearly, the code sections are concerned not with just a driver and not with just a vehicle, but with the driver of a vehicle *involved in an accident*. (*People v. Bellah*, 237 Cal.App.2d 122, 126 [46 Cal.Rptr. 598]; *People v. Foreman*, 205 Cal.App.2d 485, 488 [22 Cal.Rptr. 925].) While it is true, as defendant argues, a court cannot, by an extension of the language of a statute, make something a crime which the Legislature has not defined as criminal, it is also true that a court, in interpreting legislation of this character, looks at the evil which the statute is designed to remedy. Obviously the statute here is designed to prevent the driver of a car involved in an accident from leaving the scene without furnishing information as to his identity. It seems equally clear that the driver of a vehicle involved in an accident can furnish such identification only by identifying himself as the driver of the vehicle involved in the accident. (§ 20001.) Because automobile accidents involve vehicles in transit, sometimes bound for far away places, the purpose of the statute is to make complete information available at the time the accident occurs and before participants and witnesses disappear. ■ One of the duties that accompanies the right and the privilege of driving a vehicle upon a public thoroughfare is to give such information. (*People v. Jordan*, 214 Cal.App.2d 400 [29 Cal.Rptr. 619]; *People v. Bellah, supra*, 237 Cal.App.2d at p. 126; *People v. Foreman, supra*, 205 Cal.App.2d at p. 488; *People v. Limon, supra*, 252 Cal.App.2d 575.)

■    Defendant's second point, that the requirements of Vehicle Code sections 20001 through 20004 violate a driver's privilege against self-incrimination under the Fifth Amendment, is answered in *Byers* v. *Justice Court,* 71 Cal.2d 1039 [80 Cal.Rptr. 553, 458 P.2d 465]. In that opinion the Supreme Court accommodated the imperative public need for the kind of information required by the Vehicle Code sections in question to the self-evident privilege against self-incrimination by holding that a driver of a vehicle involved in an accident must comply with the statutes by giving the information specified therein and in the manner required, under pain of penal sanctions, but that when such information is given "prosecuting authorities are precluded from using information divulged in compliance with section 20002 and the fruits of such information in circumstances where the driver would otherwise be constitutionally privileged not to comply." (P. 1101.)

Defendant failed to urge his constitutional right not to give the information specified by the Vehicle Code sections; in fact, he gave most of the information required. It is this aspect of the case that distinguishes it from *Byers*. Defendant points out that in *Byers* the Supreme Court held that although the driver left the scene of an accident without giving *any* information and without claiming a right under the Fifth Amendment not to give such information, he could not be held accountable for such omission. The court observed that Byers had no way of knowing that the Supreme Court would hold that information given pursuant to Vehicle Code section 20001 cannot be used against the declarant in a court of law. The court reasoned that Byers, unaware of the impending decision, undoubtedly was exercising his Fifth Amendment right in leaving without talking.

But, here, there is no way it can be presumed, or assumed, that defendant was exercising his constitutional right not to talk since he volunteered certain information required by sections 20001 and 20003. He gave some false information to shield the actual driver, Ivy, and he never asserted, directly or indirectly, his constitutional right not to give the one vital piece of information he omitted, namely, that his car was involved in the accident. It is one thing to refuse to give information upon the ground of Fifth Amendment privilege, and quite another to give partial information and false information and, later, when caught in the toils of deception, to assert immunity under the Fifth Amendment.

Thus, under the facts peculiar to this case, we find no error in the court's instruction that to comply with section 20001 defendant was under a duty

not only to identify himself, as he did, but also to identify himself as the *driver of a vehicle involved in the accident*.

The judgment is affirmed.

Gargano, J., concurred.