[Crim. No. 37856. Second Dist., Div. Two. July 14, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
ALLEN R. CARTER, Defendant and Appellant.

Counsel

Richard T. Sykes for Defendant and Appellant.

Burt Pines, City Attorney, Rand Schrader, Jack L. Brown, Peter W. Mason, and Pamela Victorine, Deputy City Attorneys, for Plaintiff and Respondent.

John K. Van de Kamp, District Attorney (Los Angeles), Donald J. Kaplan and Richard W. Gerry, Deputy District Attorneys, as Amici Curiae on behalf of Plaintiff and Respondent.

Opinion

ROTH, P. J.—We transferred this matter from the Appellate Department of the Superior Court, County of Los Angeles, to secure uniformity of decision and to settle an important question of law concerning the pretrial appealability and propriety of an order made in connection with a motion to suppress the results of field sobriety tests and chemical breath tests in a prosecution for driving a motor vehicle in violation of Vehicle Code section 23102.

We view the evidence in the light most favorable to the order denying suppression as is required by the familiar rule governing appellate review. (*People* v. *James* (1977) 19 Cal.3d 99, 107 [137 Cal.Rptr. 447, 561 P.2d 1135].) Officer Charles M. Smith of the California Highway Patrol was on routine patrol when he observed a Corvette weaving from lane to lane and braking and slowing during the maneuvers. On one such occasion, the Corvette almost struck a Ford Pinto automobile. Smith was of the opinion that the driver of the Corvette, later identified as appellant herein, had made an unsafe turning movement in violation of the Vehicle Code. He effected a traffic stop and approached appellant as he sat in the Corvette. Officer Smith apprised appellant that the reason that he had stopped him was that he almost collided with the Pinto. Appellant indicated that he had not seen any Pinto. As they were conversing, Smith noticed that appellant's eyes were red and smelled the odor of alcoholic beverages on his breath. Smith then entertained a suspicion that appellant might be under the influence of alcohol and asked appellant to alight from the Corvette. Appellant did so and complied with the request to produce a driver's license. Without benefit of advisement of the rights commonly referred

to as *Miranda* rights, *Miranda v. Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974] (hereinafter *Miranda*), Smith asked, "How much have you had to drink tonight, Allen?" Appellant replied, "I have had about six beers." Smith then had appellant perform certain field sobriety tests which appellant failed. He was arrested for violating Vehicle Code section 23102, subdivision (a), and subsequent breath tests showed that his blood alcohol level was .16 and .18.

Appellant brought a motion to suppress the observations and results of the field sobriety tests as well as the results of the breath tests on the theory that they were the unlawful fruit of Officer Smith's question, "How much have you had to drink tonight, Allen?" which appellant contends was in violation of rules articulated in *Miranda*. As we shall explain, neither *Miranda* nor its progeny requires admonition in the present circumstances. Consequently, no unlawful fruit was produced and the suppression motion was properly denied.

Preliminarily, however, we dispose of the procedural question of appealability.[1] In *People v. Superior Court (Zolnay)* (1975) 15 Cal.3d 729 [125 Cal.Rptr. 798, 542 P.2d 1390], our Supreme Court, in a unanimous opinion, held that review of trial court orders denying motions to suppress evidence advanced pursuant to Penal Code section 1538.5 allows review of a *Miranda* determination where such is inextricably bound up in a search and seizure determination. Appellant's articulated theory was sufficient to bring him within the purview of *People v. Superior Court (Zolnay), supra,* and the adverse *Miranda* determination is, accordingly, reviewable in connection with the motion advanced pursuant to Penal Code section 1538.5.

As indicated, however, no violation of *Miranda, supra,* is presented. There can be no question but that appellant was detained for investigation when Officer Smith put the question to him. Nevertheless, Smith did not believe that he had probable cause to arrest appellant at the time that he asked the question and we are, of course, bound by the trial court's determination crediting the officer's testimony in that regard. (*People v. James, supra,* 19 Cal.3d 99.) In *People v. Manis* (1969) 268 Cal.App.2d 653 [74 Cal.Rptr. 423], this court considered

---

[1]Penal Code section 1538.5, subdivision (j), provides for pretrial review of suppression motions, by way of appeal, "[i]f the property or evidence seized relates solely to a misdemeanor complaint...."

the question of whether admonition pursuant to *Miranda* is required where there is not probable cause to arrest but where detention is lawful. We said, "When circumstances demand immediate investigation by the police, the most useful, most available tool for such investigation is general on-the-scene questioning, designed to bring out the person's explanation or lack of explanation of the circumstances which aroused the suspicion of the police, and enable the police to quickly determine whether they should allow the suspect to go about his business or hold him to answer charges." (At p. 665.) One of the cited examples of temporary detention as opposed to that of arrest is: "Item: A motorist driving in an eccentric manner on the freeway. The police suspect the possibility the driver may be intoxicated." (At p. 664.) In such situation the person detained is not truly in "custody," nor is he an "accused," nor are preliminary questions "interrogation" within the meaning of *Miranda*. ▉ The holding of *People v. Manis, supra*, is crystal clear: "We conclude that persons temporarily detained for brief questioning by police officers who lack probable cause to make an arrest or bring an accusation need not be warned about incrimination and their right to counsel, until such time as the point of arrest or accusation has been reached or the questioning has ceased to be brief and casual and become sustained and coercive." (At p. 669.) At the time the subject question was asked no *Miranda* warning was required. (See also *People v. Bellah* (1965) 237 Cal.App.2d 122, 126-127 [46 Cal.Rptr. 598].) There being no unlawful fruit of any *Miranda* violation, the suppression motion was properly denied.

The order here under review is affirmed.

Compton, J., and Beach, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 11, 1980. Bird, C. J., and Mosk, J., were of the opinion that the petition should be granted.