The **PEOPLE** of the State of Colorado, Plaintiff-Appellee,

v.

Michael **CORBETT**, n/k/a Hasani F. Chinangwa, Defendant-Appellant.

No. 84CA0157.

Colorado Court of Appeals, Div. I.

Sept. 19, 1985.

Rehearing Denied Oct. 17, 1985.

Certiorari Denied March 3, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Maureen Phelan, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Seth J. Benezra, Deputy State Public Defender, Denver, for defendant-appellant.

KELLY, Judge.

Defendant, Michael Corbett, n/k/a Hasani Chinangwa, appeals the trial court's de-

nial of his motion to vacate a consecutive life sentence pursuant to Crim.P. 35(c). We affirm.

In 1975, defendant was indicted on three counts of first degree murder which were severed for trial. On March 12, 1976, defendant was convicted on Count 1 and was sentenced to life imprisonment. On April 26, 1976, defendant was convicted on Count 2 and was sentenced to death. The trial court subsequently issued a mittimus which provided in pertinent part: "[I]t is further ordered that if for any reason the above death sentence be reduced or commuted, that all sentences imposed hereunder shall run consecutive to the life sentence heretofore imposed on said Defendant on a conviction of first degree murder in Count One of this criminal action."

It is evident that this alternate sentence was included by the trial court because of the provisions of § 18-1-105(4), C.R.S. (1978 Repl.Vol. 8), which states:

"In the event the death penalty as provided for in this section is held to be unconstitutional by the Colorado supreme court or the United States supreme court, a person convicted of a crime punishable by death under the laws of this state shall be punished by life imprisonment. In such circumstance, the court which previously sentenced a person to death shall cause such person to be brought before the court, and the court shall sentence such person to life imprisonment."

In January of 1977, defendant entered a plea of guilty to Count 3 of the indictment and was sentenced to a concurrent life term. In 1978, the Colorado Supreme Court ruled the death penalty statute unconstitutional, and defendant filed a motion to resentence on Count 2. After a hearing on his motion, defendant was sentenced to a life term to run consecutively to the life sentence imposed on Count 1. Subsequently, defendant filed a motion, pursuant to Crim.P. 35(c), to vacate this consecutive life sentence and for an order that the sentence run concurrently with sentences previously imposed. The trial court denied defendant's motion.

## I.

Defendant first argues that the trial court's mittimus, which provided that, if the death penalty were reduced or commuted, all sentences imposed would run consecutively to the first life sentence, is void because defendant was denied his right of allocution at the May 28 hearing concerning that portion of the sentence. For different reasons, we agree that that portion of the sentence is void.

Only the General Assembly may define crimes and prescribe punishments. *People v. Hinchman,* 196 Colo. 526, 589 P.2d 917 (1978), *cert. denied,* 442 U.S. 941, 99 S.Ct. 2883, 61 L.Ed.2d 311 (1979). A court may not impose a sentence that is inconsistent with the terms specified by statute. *People v. District Court,* 673 P.2d 991 (Colo.1983). The court may not circumvent legislative dictates by failing to sentence within legislatively prescribed boundaries, for to do so would be an invasion of the General Assembly's exclusive province to set punishments. *People v. Hinchman, supra.*

Section 16-11-101, C.R.S. (1978 Repl.Vol. 8) specifically delineates the court's alternatives in sentencing. The statutes do not provide any authority for an alternative sentence such as the trial court imposed here in the event the death penalty were found to be unconstitutional. As a result, the trial court's alternative sentence is illegal and therefore void. *See People v. District Court, supra.*

## II.

Defendant next argues that when the death penalty statute was declared unconstitutional, his death sentence was automatically converted to a concurrent life sentence under § 18-1-105(4), C.R.S. (1978 Repl.Vol. 8). Defendant asserts that this statute is self-operative and that his life sentence is retroactive to the date he was received at the correctional facility under

**1340**

the death sentence. He rests this argument on the provisions of § 17–20–118, C.R.S. (1984 Repl.Vol. 8) which requires that a sentence be computed from the day of reception at the institution. Thus, defendant argues that since he had already commenced serving the self-operative concurrent life sentence, the trial court's imposition of the consecutive life sentence at the resentencing hearing resulted in an increase in sentence which was already being served. Defendant asserts that this resulted in a violation of his constitutional protection against double jeopardy. We disagree.

Section 18–1–105(4), C.R.S., does not allow for an automatic conversion to a life sentence as argued by defendant, but rather, requires that a person be brought before the sentencing court to be resentenced to life imprisonment. Neither does the statute specify whether the life sentence shall be imposed consecutively or concurrently.

The imposition of concurrent sentences is required only if the counts for which a defendant is convicted are supported by identical evidence. *People v. Montgomery*, 669 P.2d 1387 (Colo.1983). If the charges are not supported by identical evidence, it is within the discretion of the trial court to impose either consecutive or concurrent sentences. *People v. Montgomery, supra.* Here, the charges against defendant were not supported by identical evidence, and therefore, the trial court acted within its discretion when it imposed a consecutive sentence upon resentencing.

In view of our disposition, we need not address defendant's other contentions of error.

Judgment affirmed.

PIERCE and BABCOCK, JJ., concur.