The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Richard Anthony HERNANDEZ,
Defendant–Appellant.

No. 07CA0698.

Colorado Court of Appeals,
Div. VII.

May 28, 2009.

---

John W. Suthers, Attorney General, John T. Lee, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Sarah A. Burtis, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge J. JONES.

Defendant, Richard Anthony Hernandez, appeals the judgment of conviction entered on a jury verdict finding him guilty of leaving the scene of an accident and the district court's habitual criminal judgments. At trial, the prosecutor asserted that defendant violated the statutory prohibition against leaving the scene of an accident solely because he failed to identify himself as the driver at the scene. We conclude, however, that the statutes under which defendant was charged and convicted, sections 42–4–1601(1) and – 1603(1), C.R.S.2008, do not require the driver of a vehicle involved in an accident to identify himself as such. Because the evidence was otherwise insufficient to support defendant's conviction for leaving the scene of an accident, we reverse the judgments and remand the case to the district court for the entry of judgments of acquittal on all charges.

## I.  Background

According to the prosecution's evidence, defendant was driving a sport utility vehicle (SUV) with three passengers (his girlfriend and two other men) when he made a left-hand turn and collided with an oncoming car. The driver of the other car suffered a broken leg that later required surgery and herniated disks in her back and (possibly) her neck. The passenger in the other car hit his head against the windshield and suffered a knee injury that required surgery. Defendant's girlfriend struck her head on the windshield, and as a result may have been rendered unconscious briefly.

Police officers and an off-duty paramedic arrived at the scene within minutes of the accident. One of the officers and the off-duty paramedic provided assistance to the occupants of the car hit by the SUV.

Defendant's girlfriend, who owned the SUV, told two police officers at the scene that she was the driver of the SUV. She then provided the officers with a written statement, in which she included the vehicle registration number, her driver's license number, and her automobile insurance information. While she wrote the statement, defendant stood beside her and assisted her in filling out the statement. She included his name and address in the passenger information portion of the form.

Defendant stayed at the scene until the officers took his girlfriend to a hospital to test her for driving under the influence. Neither officer asked him to wait at the scene or to provide his own written statement.

The People charged defendant's girlfriend with driving under the influence. Several months later, defendant's girlfriend told a

detective for the first time that defendant had been the driver of the SUV.

The People charged defendant with one count of leaving the scene of an accident in violation of section 42–4–1601(1), (2)(b), and later added three habitual criminal counts. A jury found defendant guilty of leaving the scene of an accident. The district court subsequently found that the prosecution had proved beyond a reasonable doubt that defendant had three separate prior convictions, sentenced him under the habitual criminal statute to twelve years in the custody of the Department of Corrections and two years mandatory parole, and ordered him to pay $16,842.51 in restitution.

## II.  Discussion

Defendant contends that the evidence was insufficient to support the jury's verdict on the charge of leaving the scene of an accident. We agree.

In relevant part, section 42–4–1601(1) provides:

> The driver of any vehicle directly involved in an accident resulting in . . . serious bodily injury to . . . any person shall immediately stop such vehicle at the scene of such accident or as close to the scene as possible but shall immediately return to and in every event shall remain at the scene of the accident until the driver has fulfilled the requirements of section 42–4–1603(1).

The requirements of section 42–4–1603(1) to which section 42–4–1601(1) refers are that "[t]he driver . . . shall give the driver's name, the driver's address, and the registration number of the vehicle he or she is driving and shall upon request exhibit his or her driver's license to" the person struck, the driver or occupant of the other vehicle, or the person attending the other vehicle, and where practical shall render "reasonable assistance" to any person injured in the accident "if it is apparent such treatment is necessary. . . ."

As noted, at trial, the prosecutor urged the jury to find defendant guilty solely because he failed to identify himself as the driver of the SUV at the scene. Defendant presented two theories of defense. First, he asserted that his girlfriend was the driver of the SUV. Second, he asserted that, contrary to the prosecutor's contention, sections 42–4–1601(1) and –1603(1) do not require the driver to identify himself as such, and that because the evidence showed that he met the express requirements of section 42–4–1603(1), he could not be found guilty. Defendant moved for a judgment of acquittal on these grounds at the conclusion of the People's case-in-chief. *See* Crim. P. 29(a). The court denied the motion.

The court instructed the jurors in accordance with the statutory language of sections 42–4–1601(1) and –1603(1).[1] The jury found defendant guilty on this charge.

On appeal, defendant does not contest the sufficiency of the evidence that he was the driver of the SUV. Rather, he contends that he was not required to identify himself as the driver, and it was undisputed that he met the express requirements of section 42–4–1603(1). The People respond that the jury properly convicted defendant of leaving the scene of an accident because he failed to identify himself as the driver of the SUV, and that, in any event, there was evidence that he did not comply with certain of the express statutory requirements. We agree with defendant.

Whether the governing statutes include a requirement that the driver of a vehicle involved in an accident identify himself as such at the scene is an issue of first impression in our appellate courts. This issue is one of law, requiring interpretation of the governing statutes, and therefore our review is de novo. *People v. Manzo*, 144 P.3d 551, 554 (Colo. 2006); *Alvarado v. People*, 132 P.3d 1205, 1207 (Colo.2006).

"Our fundamental responsibility in construing a statute is to give effect to the General Assembly's purpose and intent in enacting it." *Alvarado*, 132 P.3d at 1207.

---

1.  The court did not instruct the jurors that they could find defendant guilty if the prosecution had proved beyond a reasonable doubt that defendant failed to identify himself as the driver at the scene.

"In so doing, we look to the plain and ordinary meaning of the statutory language, and we construe the statute to further the legislative intent represented by the statutory scheme." *Manzo*, 144 P.3d at 554.

Sections 42–4–1601(1) and –1603(1) plainly require a "driver of any vehicle directly involved in an accident resulting in ... serious bodily injury" to stop at the scene and to remain at the scene until he has provided specified information and, where practical, to render assistance to any person injured in the accident. They do not, however, expressly require the driver to identify himself as the driver to anyone. Nonetheless, the People contend that such a requirement is implied in the statutory scheme. We are not persuaded.

■■■ It is the sole prerogative of the General Assembly to define criminal conduct and establish the legal components of criminal liability. *Manzo*, 144 P.3d at 554; *Alvarado*, 132 P.3d at 1207; *People v. Corbett*, 713 P.2d 1337, 1339 (Colo.App.1985) ("Only the General Assembly may define crimes and prescribe punishments."); *see* Colo. Const. art. V, § 1. Because only the General Assembly may declare an act to be a crime, "[t]he judiciary does not have the power to add language to a statute which will make a criminal offense where one does not otherwise appear." *People v. Boyd*, 642 P.2d 1, 3 (Colo.1982). Thus, in determining the meaning of a criminal statute, we cannot extend it by either implication or construction. *People v. Home Ins. Co.*, 197 Colo. 260, 262, 591 P.2d 1036, 1037 (1979).

Here, the People contend, in effect, that a person may violate sections 42–4–1601(1) and –1603(1) by either: (1) failing to comply with their express requirements; *or* (2) failing to comply with an implied requirement that he identify himself as the driver, notwithstanding his compliance with all express requirements of the statute. We will not so construe the statutes, because to do so would require us to extend their applicability by implication, an act inconsistent with the role of the courts in our system of government. *Cf. Boyd*, 642 P.2d at 2–4 (refusing to infer a criminal offense for failing to comply with a sheriff's order closing a waterway; no express provision criminalized such conduct, and inferring such an offense would not clearly apprise a person of prohibited conduct); *Home Ins. Co.*, 197 Colo. at 261–62, 591 P.2d at 1037 (holding that medical information was not a "thing of value" within the meaning of the theft statute because the General Assembly had not defined it as such); *Cokley v. People*, 168 Colo. 280, 282–85, 450 P.2d 1013, 1014–15 (1969) (holding that a shotgun was not a "firearm" for purposes of a criminal statute because the General Assembly had not defined it as such).

There is a split of authority in other jurisdictions with statutes similar to those at issue here as to whether a driver must expressly identify himself as the driver of a vehicle involved in an accident to meet the requirements of such a statute. *Compare People v. Kroncke*, 70 Cal.App.4th 1535, 83 Cal.Rptr.2d 493, 500 (1999) (holding that a driver must identify himself as the driver of a vehicle involved in an accident), and *People v. Monismith*, 1 Cal.App.3d 762, 81 Cal.Rptr. 879, 882 (1969) (same), *with People v. Mullady*, 178 A.D.2d 614, 577 N.Y.S.2d 491, 492 (1991) (leaving the scene of an accident statute "places no affirmative obligation upon a driver of a motor vehicle to identify himself as the driver"); *see also Kroncke*, 83 Cal. Rptr.2d at 508–10 (Corrigan, J., dissenting) (concluding that the statute does not require the driver to expressly admit that he was the driver).

In both *Kroncke* and *Monismith*, divisions of the California Court of Appeal held that a requirement that the driver of a vehicle involved in an accident identify himself as the driver is implied in California's leaving the scene of an accident statute. In *Kroncke*, however, one judge dissented, reasoning that imposing such a requirement amounted to judicial legislation because "[i]n referring to 'a driver involved in an accident' the statute defines the class of drivers compelled to stop and provide identification. It does not, by its plain language, compel the explicit admission of involvement." *Kroncke*, 83 Cal.Rptr.2d at 509 (Corrigan, J., dissenting). Similarly, in *Mullady*, the New York court, in construing a statute, N.Y. Vehicle and Traffic Law § 600 (McKinney), substantially similar to

those at issue here, straightforwardly reasoned that New York's leaving the scene of an accident statute

> places no affirmative obligation upon a driver of a motor vehicle to identify himself as the driver.... Therefore, a person involved in a motor vehicle accident who provides all of the statutorily-mandated information to police at the scene, but who maintains that he was not an operator of a vehicle involved, is not subject to prosecution for leaving the scene of an incident without reporting.

*Mullady,* 577 N.Y.S.2d at 491–92 (citations omitted).

We agree with the reasoning of the dissent in *Kroncke* and the court in *Mullady.* Whatever the policy merits of creating criminal culpability for failing to identify oneself as the driver of a vehicle involved in an accident, that decision is vested in the legislative branch of government, and our General Assembly has not seen fit to do so.

■ We recognize that the twin purposes of the leaving the scene of an accident statute are to (1) minimize the harm that may result from a driver fleeing the scene of an accident, and (2) ensure social order by penalizing drivers who do not stop at accident scenes. *Manzo,* 144 P.3d at 558; *see People v. Rickstrew,* 775 P.2d 570, 575 (Colo.1989) ("The gravamen of [the statutes requiring a driver to remain at the scene of an accident] is to require a driver ... to stop and render immediate and urgent assistance to the injured parties in a motor vehicle accident and to exchange information."). We are not persuaded, however, that the requirement urged by the People here is therefore necessarily implied in the statutes, for at least three reasons.

First, as discussed, extending the reach of a criminal statute by implication is inconsistent with the role of the courts in our system of government.

■ Second, due process requires that a criminal statute clearly apprise affected persons of what is proscribed. *See Boyd,* 642 P.2d at 2. Where a statute is construed to proscribe not only conduct expressly proscribed, but, by implication only, other conduct, the precise nature of which may be unclear, this requirement is violated. Third, the purposes of the statute are served where the driver satisfies the express statutory requirements even if he does not volunteer that he was the driver: the information and any reasonably necessary assistance are provided. *See Kroncke,* 83 Cal.Rptr.2d at 509–10 (Corrigan, J., dissenting) (the statute is designed to secure identity, not facilitate the building of a case).

■ In sum, we conclude that sections 42–4–1601(1) and –1603(1) do not require a driver of a vehicle involved in an accident to identify himself as such at the scene. Therefore, defendant could not be convicted of leaving the scene of an accident merely because he did not identify himself as the driver.

We also reject the People's alternative argument that regardless whether defendant identified himself as the driver, the evidence was sufficient to prove that he did not comply with the express identification and assistance requirements of section 42–4–1603(1).

■ "When assessing the sufficiency of the evidence in support of a finding of guilt, [we] must determine whether any rational trier of fact might accept the evidence, taken as a whole and in the light most favorable to the prosecution, as sufficient to support a finding of the accused's guilt beyond a reasonable doubt." *People v. Moore,* 226 P.3d 1076, 1083, 2009 WL 261836 (Colo.App. No. 05CA1592, Feb. 5, 2009) (quoting *People v. Denton,* 91 P.3d 388, 390 (Colo.App.2003)). "In applying this standard, we must give the prosecution the benefit of every reasonable inference that might fairly be drawn from the evidence." *Denton,* 91 P.3d at 390. A modicum of relevant evidence, however, is insufficient to support a conviction; the evidence must be "both substantial and sufficient." *Kogan v. People,* 756 P.2d 945, 950 (Colo.1988), *abrogated on other grounds by Erickson v. People,* 951 P.2d 919 (Colo.1998).

As pertinent here, the prosecution was required to prove that defendant left the scene of the accident before he had: (1) provided his name and address and the registration number of the vehicle that he was driving;

(2) exhibited his driver's license upon request; and (3) rendered reasonable assistance to any injured person. § 42–4–1603(1). We address the sufficiency of the evidence as to each requirement in turn, bearing in mind that the prosecution was required to prove only that defendant failed to meet any one of these requirements.

First, the evidence was not sufficient to support a finding that defendant left the scene without providing his name and address and the registration number of the vehicle. In arguing to the contrary, the People point only to the testimony of a police officer that he did not recall if anyone was standing next to defendant's girlfriend when she was filling out the accident report form. However, defendant's girlfriend testified that defendant was standing by her when she filled out the form, that he gave her his name and address to write down, and that she provided the vehicle registration number. In closing argument, the prosecutor expressly asked the jury to credit that aspect of the girlfriend's testimony. Moreover, an officer testified that defendant's name and address appeared on the form that she completed.

Second, the evidence was not sufficient to prove that defendant failed to provide his driver's license upon request. The prosecution presented no evidence that anyone asked to see defendant's driver's license.

Third, the evidence was not sufficient to prove that defendant left the scene without first providing reasonable assistance. The People argue that the evidence established that there were injured persons at the scene and defendant presented no evidence that he attempted to help any of them. However, it was the prosecution's burden to prove beyond a reasonable doubt that defendant failed to provide reasonable assistance. It was not defendant's burden to prove that he provided reasonable assistance to any injured person. Though the driver and the passenger of the other vehicle were injured in the collision, there is no evidence in the record that defendant could have provided reasonable assistance to either victim, much less that he failed to do so. The undisputed testimony was that police officers and an off-duty paramedic arrived at the scene within minutes of the accident, and that the paramedic and an officer provided assistance to the victims.

Therefore, the evidence was not sufficient to prove that defendant failed to meet a statutory requirement identified in the instruction. We observe that at trial the prosecutor argued only that defendant did not meet the requirements because he did not identify himself as the driver. The prosecutor did not argue, either in opening or closing argument, that defendant had failed to provide any of the information expressly required by the statute or had failed to render reasonable assistance. Though the People change course on appeal, the record is bereft of evidence to support their new theory.

In light of our resolution of this issue, we need not address defendant's other claims of error.

The judgments of conviction are reversed. The case is remanded to the district court with directions to enter judgments of acquittal on all counts pursuant to Crim. P. 29(a).

Judge RUSSEL and Judge GABRIEL concur.