Filed 8/17/22  P. v. Jones CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D079192 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE398802) |
| MICHAEL EUGENE JONES, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of San Diego County, Patricia K. Cookson, Judge.  Affirmed as modified.

Justin Andrew Behravesh, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Melissa Mandel, Deputy Attorneys General, for Plaintiff and Respondent.

Michael Eugene Jones appeals his conviction for driving under the influence (DUI) of alcohol causing injury (Veh. Code, § 23153, subd. (a)), driving with a measurable blood alcohol level of 0.08 percent or more causing

injury (*id*., § 23153, subd. (b)), and driving with a suspended license (*id*., § 14601.1, subd. (a)). Jones argues (1) the trial court erred in finding he was not subject to custodial interrogation under *Miranda v. Arizona* (1966) 384 U.S. 436 (*Miranda*) when he made incriminating statements about his alcohol consumption during a DUI evaluation; and (2) any portion of the criminal justice administration fee the trial court imposed that was unpaid as of July 1, 2021, should be vacated.

We agree with the parties that any portion of the criminal justice administration fee that remained unpaid as of July 1, 2021, should be vacated. As for Jones's statements, we conclude it is unnecessary to determine whether there was a *Miranda* violation because any error would be harmless beyond a reasonable doubt. We therefore affirm the judgment as modified.

FACTUAL AND PROCEDURAL SUMMARY

A. *The Collision*

On the evening of December 22, 2019, Jones was driving on a highway in El Cajon and struck the back of G.S.'s car, causing it to run into a cement divider. According to witness testimony, shortly before the collision, Jones was driving over 100 miles per hour and weaving in and out of traffic. At one point, Jones also leaned his torso out of the driver's side window and looked backward.

After the crash, G.S. exited his car on the left shoulder and crossed the highway because he feared his vehicle might be on fire. Jones also stopped on the shoulder and began taking items out of his car and crossing the multi-lane highway. When California Highway Patrol (CHP) Officer Luke Murillo responded to the collision, he approached Jones on the highway's left shoulder and asked him for identification. Officer Murillo also observed that

2

Jones had red, watery eyes, slurred speech, an unsteady gait, and the smell of alcohol on his breath.

Officer Murillo was concerned for their safety while standing near the center median and told Jones they needed to move across the highway to the right shoulder. Officer Murillo also told Jones that he was not under arrest, but handcuffed Jones and placed him in the back of his patrol car. Once Officer Murillo drove them to the opposite side of the highway, he took Jones out of the patrol car, removed the handcuffs, and again informed Jones that he was not under arrest. Officer Murillo estimated that Jones was handcuffed in his patrol car for less than 10 minutes.

At this point, another officer had arrived on scene. Officer Murillo continued his investigation of the collision and suspected DUI. As part of his DUI investigation, Officer Murillo asked Jones whether he had any alcohol before driving. Jones responded that he had a 32-ounce beer and a shot of brandy. During a horizontal gaze nystagmus test in which Officer Murillo had Jones watch the tip of his finger, each of Jones's eyes exhibited all three signs associated with that test indicating intoxication.[1] Officer Murillo did not advise Jones of his *Miranda* rights before conducting the DUI investigation.

Officer Murillo then arrested Jones and brought him to a nearby CHP office, where his blood was drawn for blood alcohol concentration (BAC)

---

[1] Officer Murillo testified that when he administers this test, he looks for "involuntary jerking of the eye," which he identified as "nystagmus." He explained that the indicators of intoxication from that test include each of the following three signs, which are checked in both eyes: (1) lack of smooth pursuit when the subject's eyes are following the officer's fingertip; (2) nystagmus at maximum deviation, or when the fingertip is at the far outside corners; and (3) nystagmus onset prior to 45 degrees when the fingertip is moved outward from the center of the subject's nose.

testing. The tested sample revealed a blood alcohol level of 0.14 percent. A criminalist with the San Diego Sheriff's Crime Lab opined that, at the time of driving, Jones had a BAC between 0.12 and 0.20 percent. At the time of driving, Jones was impaired for the purpose of driving and his blood alcohol level was above 0.08 percent.

B. *Motion to Exclude Statements*

Before his trial in April 2021, Jones moved to exclude his statements during the DUI investigation on the basis that Officer Murillo did not advise him of his *Miranda* rights. After conducting a hearing in which Officer Murillo testified as summarized *ante*, the trial court denied Jones's motion. The court found that although Jones was handcuffed and placed in a patrol car "temporarily" for up to 10 minutes, under the "totality of the circumstances" his detention was not "unduly restrictive or coercive" so as to be custodial for *Miranda* purposes.

DISCUSSION

I

Jones first argues he was subject to custodial interrogation and that the trial court's admission of his statement to Officer Murillo about his alcohol consumption was prejudicial error. We need not resolve whether there was a *Miranda* violation here because we conclude that any potential error was harmless beyond a reasonable doubt.

4

A. *Standard of Review*

Whether a defendant was in custody for *Miranda* purposes presents a mixed question of law and fact. We defer to the trial court's factual findings when supported by substantial evidence and decide independently whether Jones was subject to custodial interrogation within the meaning of *Miranda*. (*People v. Davidson* (2013) 221 Cal.App.4th 966, 970 (*Davidson*).)

B. *Applicable Law*

If a defendant makes statements while under custodial interrogation without being advised of his rights under *Miranda*, his statements cannot be used as evidence to establish guilt. (*Berkemer v. McCarty* (1984) 468 U.S. 420, 429 (*Berkemer)*.) But an officer's obligation to administer *Miranda* warnings attaches only when the person questioned is in "custody." (*Stansbury v. California* (1994) 511 U.S. 318, 322.) The relevant inquiry when considering whether interrogation was custodial is whether a " 'reasonable person [would] have felt he or she was not at liberty to terminate the interrogation and leave.' " (*Howes v. Fields* (2012) 565 U.S. 499, 509.) In making that determination, courts consider the totality of the circumstances, including: " '(1) whether the suspect has been formally arrested; (2) absent formal arrest, the length of the detention; (3) the location; (4) the ratio of officers to suspects; and (5) the demeanor of the officer, including the nature of the questioning.' " (*Davidson, supra,* 221 Cal.App.4th at p. 972.)

Additional factors include "whether the officer informed the person he or she was considered a witness or suspect, whether there were restrictions on the suspect's freedom of movement, whether the police were aggressive, confrontational, and/or accusatory, and whether the police used interrogation

techniques to pressure the suspect." (*Davidson, supra,* 221 Cal.App.4th at p. 972; see also *People v. Bejasa* (2012) 205 Cal.App.4th 26, 35–36 (*Bejasa*).)

Erroneous admission of statements made in violation of *Miranda* is subject to harmless error analysis under *Chapman v. California* (1967) 386 U.S. 18 (*Chapman*). Under *Chapman*, a constitutional error is harmless when it appears "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." (*Id.* at p. 24.)

C. *Analysis*

Jones argues that he was in custody during his DUI evaluation because a reasonable person in his position would not have felt free to leave. He points to the fact that he was handcuffed and placed in the back of a patrol car, citing cases noting that handcuffing is a "distinguishing feature of a formal arrest." (*People v. Pilster* (2006) 138 Cal.App.4th 1395, 1404–1405 (*Pilster*); see also *Bejasa, supra*, 205 Cal.App.4th at p. 37 ["Defendant was confronted with two of the most unmistakable indicia of arrest: he was handcuffed and placed in the back of a police car."].) He further asserts that even though Officer Murrillo advised him that he was not under arrest, removed the handcuffs, and released him from the patrol car before questioning, this did not negate his perception that he could not leave. (See *Bejasa*, at pp. 38–39 ["The removal of the restraints was not enough to ameliorate the custodial pressures that likely remained from the initial confinement."].)

The People argue in response that handcuffing is not in itself dispositive, and other factors weigh in favor of finding that Jones was not in custody. For example, the People note that Jones was only in the patrol car for less than 10 minutes and Officer Murillo subsequently removed the handcuffs; Officer Murillo told Jones he was not under arrest; Jones was

6

questioned on a public roadway; and the two officers present did not have their guns drawn. (See, e.g., *In re Joseph R.* (1998) 65 Cal.App.4th 954, 957–961 [finding no custodial interrogation where police handcuffed minor and placed him in back of patrol car for about five minutes, then took him out of the car, removed handcuffs, and began asking questions].) The People assert that *Pilster* is distinguishable because in this case, Officer Murillo told Jones he was not under arrest and that they needed to move across the highway for safety purposes. The People further contend that Jones did not face the same incriminating circumstances as the defendant in *Bejasa* and had no reason to doubt Officer Murillo's statement that he was not under arrest.

The parties also dispute whether Officer Murillo's questioning constituted interrogation. The People contend that preliminary questioning about a driver's suspected intoxication during a routine traffic stop does not amount to interrogation, citing *Berkemer, supra,* 468 U.S. at pp. 435–442 and *People v. Carter* (1980) 108 Cal.App.3d 127, 130–131. Jones contends that Officer Murillo's questions about his drinking after a collision did constitute interrogation, citing *Bejasa, supra,* 205 Cal.App.4th at pp. 39–40.

We recognize that the unique facts in this case present a potentially close question regarding custodial interrogation under *Miranda.* However, we need not decide whether the trial court erred in admitting Jones's statements about his alcohol consumption because even if any error occurred, it was harmless beyond a reasonable doubt. (*Chapman, supra,* 386 U.S. at p. 24.)

The evidence presented at trial included unrefuted expert testimony that Jones was driving impaired and had a BAC between 0.12 and 0.20 percent at the time of the collision. Officer Murillo testified that he observed signs of intoxication when he first encountered Jones, including red, watery

7

eyes, slurred speech, an unsteady gait, and a smell of alcohol on his breath. When Officer Murillo administered a horizontal gaze nystagmus test, Jones exhibited all six indicators of intoxication (three in each eye). Moreover, two witnesses testified that Jones appeared to be driving over 100 miles per hour before the collision. One witness testified that Jones had his torso out of the driver's side window and was weaving in and out of traffic before plowing into G.S.'s vehicle. Accordingly, on this record, we agree with the People that any error in admitting Jones's statement to Officer Murillo regarding his alcohol consumption was harmless beyond a reasonable doubt.

Jones argues that admitting his statement about how much alcohol he consumed was prejudicial because the parties spent time litigating the issue, and the prosecutor referenced the admission in closing argument. Jones further contends that the jury must have deemed the case close because it requested a readback of G.S.'s testimony regarding the collision and his injuries. We disagree. The prosecutor only referenced Jones's statement alongside the plethora of other evidence showing he was driving under the influence. The defense presented no contrary evidence. And the jury's request for a readback of G.S.'s testimony does not suggest it might have had any reasonable doubt about Jones's intoxication, because G.S. never even saw Jones's vehicle coming and provided no information at trial about Jones's driving or intoxication. Rather, the jury likely asked for a readback of G.S.'s "account of incident" and "injury" only because injury and causation were elements of the charged offenses. Thus, we conclude that any *Miranda* error was harmless beyond a reasonable doubt under *Chapman*.

II

8

Jones contends, and the People concede, that any unpaid portion of his criminal justice fee as of July 1, 2021, should be vacated pursuant to Assembly Bill No. 1869 (2019-2020 Reg. Sess.). We agree.

As of July 1, 2021, the statutory provision pursuant to which the trial court ordered Jones to pay a $154 criminal justice administration fee was repealed (see former Gov. Code, § 29550.1), and Government Code section 6111 became effective. That statute provides that "the unpaid balance of any court-imposed costs pursuant to Section 27712, subdivision (c) or (f) of Section 29550, and Sections 29550.1, 29550.2, and 29550.3, as those sections read on June 30, 2021, is unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (Gov. Code, § 6111, subd. (a).)

The trial court stayed the fee, pending Jones's successful completion of probation. Pursuant to Government Code section 6111, and for the reasons stated in *People v. Lopez-Vinck* (2021) 68 Cal.App.5th 945, 952, we vacate any balance of the costs imposed by the court pursuant to former Government Code section 29550.1 that remained unpaid as of July 1, 2021.

9

## DISPOSITION

Any portion of the criminal justice administration fee imposed pursuant to former Government Code section 29550.1 that remained unpaid as of July 1, 2021, is vacated.  The judgment is affirmed as modified.


BUCHANAN, J.


WE CONCUR:


O'ROURKE, Acting P. J.


IRION, J.